The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission affirms and modifies the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. That the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant employer and the plaintiff employee at the times of the alleged injuries.
3. That the employee's average weekly wage at the time of the alleged injuries was $280.00.
4. The Travelers Insurance Companies provided defendant with workers' compensation insurance coverage at the time of the alleged injuries.
5. Plaintiff received short term disability benefits from the defendant while he was out of work recovering from his back surgery. The defendant fully funded the short term disability benefits.
* * * * * * * * * * *
The Full Commission affirms and modifies the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff was thirty-seven years of age at the time of this hearing. He graduated from high school, and attended Ferrum College, Greensboro Technical Community College, and UNC-G.
2. Plaintiff was employed by defendant on November 15, 1993, as an assistant manager of it's Hanes Mall Store. Plaintiff's duties included running the cash register, stocking shelves, unloading trucks, closing the store, making bank deposits, and other related responsibilities.
3. On November 18, 1993, plaintiff was unloading a truck and stocking merchandise with the other assistant store manager, Jason Baugh, when he felt discomfort in his back. Later that day, plaintiff told Jason that he had hurt his back while unloading the truck. Jason noticed that plaintiff rubbed his back from time to time during the remainder of the day.
4. Later on the date of his injury, plaintiff told the store manager, Liz Lynch, that his back was hurting. Plaintiff continued to work for the rest of the day. When he arrived home, he telephoned his father complaining of back pain. His father brought him a brace to wear to work.
5. On the following day, plaintiff wore the brace to work outside of his clothing. Both Lynch and Baugh were aware that plaintiff was wearing the brace because of back pain.
6. Plaintiff's pain continued to increase during January and February, 1994. Ms. Lynch began to make special accommodations for plaintiff in his duties to alleviate his pain and discomfort on the job. These included permitting plaintiff to sit while operating the register, limiting his work with the stock, and allowing him to leave early on occasion.
7. In January 1994 plaintiff's left leg began to grow numb. The numbness increased throughout the month of February, but plaintiff continued to work.
8. Plaintiff first sought medical attention on 8 March 1994. Following an examination by orthopedic surgeon Dr. Samuel Sue, plaintiff was diagnosed as having an acute sprain superimposed on some degenerative disk disease at L5-S1. Plaintiff was treated with medication, and continued to work.
9. Plaintiff's symptoms increased during the next few months. On June 21, 1994, plaintiff was given a CT scan which revealed that plaintiff had a central disk protrusion at L4-5 with compression of the anterior sacral sac and a borderline spinal stenosis. Plaintiff's condition was treated with a series of epidural steroid injections in an effort to shrink the disk back into its normal position.
10. Plaintiff continually discussed his condition with Ms. Lynch, apprising her of his initial visit to Dr. Sue, the epidural treatment, and the CT scan as each occurred.
11. Plaintiff's condition continued to worsen, and on August 28, 1994, he was given a myelogram which revealed a herniated disk which had not been present when the CT had been performed.
12. The progression of plaintiff's condition from a protruding disk to herniation was normal because plaintiff continued to work during this time.
13. On September 14, 1994, Dr. Sue performed a hemilaminectomy on the left with decompression of the nerve root and excision of a large ruptured disk at the L4-5 interspace.
14. The injury sustained by plaintiff on November 18, 1993, resulted in an injury to his back. The condition continued to worsen between the date of injury until the herniated disk was discovered and operated upon.
15. Plaintiff was out of work as a result of his injury from September 14, 1994 through November 14, 1994, at which time he was released to return to work. Plaintiff fell outside a restaurant in December 1994 and re-injured his back, which had not completely healed from the surgery. Dr. Sue took plaintiff back out of work from December 2, 1994, through December 31, 1994.
16. On March 2, 1995, plaintiff was released to return to work with only a temporary lifting restriction to be removed after he had returned to his normal physical condition.
17. Plaintiff has reached maximum medical improvement and he retains a 10% permanent partial disability to his back, and has been given a work limitation restricting him from lifting more than fifty pounds.
18. There is no evidence that this case was brought, prosecuted, or defended without reasonable ground as described in N.C. Gen. Stat. § 97-88.1.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident on November 18, 1993, arising out of and in the course of his employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's periods of disability were from September 14, 1994, through November 14, 1994, and December 2, 1994, through December 31, 1994. Plaintiff is entitled to be compensated for the said periods of temporary total disability.
3. Plaintiff retains 10% permanent partial disability to his back as a result of the said injury by accident for which he is entitled to receive compensation.
4. As a result of his injury by accident, plaintiff is entitled to the payment of all related medical expenses.
5. Plaintiff's average weekly wage of $290.00 yields a weekly compensation rate of $193.34.
6. Plaintiff timely notified defendant of his injury and the fact that defendant did not receive written notice of this accident did not prejudice defendant.
7. Defendant is entitled to a credit for all short term disability benefits paid to plaintiff while he was out of work due to his injury.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms and modifies the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to plaintiff temporary total disability benefits at the rate of $193.34 per week for the periods from September 14, 1994 through November 14, 1994, and December 2, 1994 through December 31, 1994. All accrued compensation shall be paid in one lump sum.
2. Defendant shall pay plaintiff permanent partial disability compensation at the rate of $193.34 per week for 30 weeks for plaintiff's 10% permanent partial disability to his spine.
3. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for same have been submitted to and approved by the Industrial Commission, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
4. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel.
5. Defendants shall pay the costs of this action.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, JR. COMMISSIONER
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER